FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 23 PM 2: 11

LORETTA G. WHYTE
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EDMUNDO R. STIWARD** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.** 05-1926 |
| **UNITED STATES OF AMERICA and MARINE TRANSPORT LINES, INC.** | : | SECT. K MAG. 2 |
| | : | |

Action By Seaman Without Prepayment Of Costs
28 U.S.C., Sec. 1916

**COMPLAINT**

Plaintiff hereto claims of the defendants a sum in excess of Two Million ($2,000,000.00) Dollars in damages upon the following causes of action:

**FIRST CAUSE OF ACTION**

1. Plaintiff is a merchant seaman and citizen of the United States who resides in New Orleans, Louisiana.

2. This action is brought pursuant to the General Maritime Law of the United States as modified by the Jones Act, 46 U.S.C. §688 et seq, the Suits in Admiralty Act, 46 U.S.C. §741-752, the Public Vessels Act, 46 U.S.C. §781-790, and all other applicable statutes and laws.

3. Plaintiff has fully complied with the requirements and procedures concerning a Seaman's Claim for Administrative Action under 46 Code of Federal Regulations, Part 327, said claim having been administratively disallowed by the Maritime Administration of the U.S. Department of Transportation.

4. The defendant, United States of America, is a governmental organization engaged in the operation of vessels on the navigable waters of the United States and internationally and,

___ Fee Seaman
✓ Process ___
X Dktd ___
___ CtRmDep ___
___ Doc. No. ___

at the time of this incident was engaged in commerce in the navigable waters of the United States and was engaged in business within this district and the jurisdiction of this Honorable Court.

5. The defendant, Marine Transport Lines, Inc., is plaintiff's employer and the operator of the vessel M/V Cape Horn which, at the time of the incident, was engaged in commerce in the navigable waters of the United States and internationally and was engaged in business within this district and the jurisdiction of this Honorable Court.

6. At all times material hereto defendants owned, operated, managed, possessed and/or controlled the vessel M/V Cape Horn, a United States Department of Transportation vessel engaged in governmental business in navigable waters, and was engaged in business within this district and the jurisdiction of this Honorable Court.

7. At the time of this accident, the M/V Cape Horn was traveling at sea en route to San Francisco, California.

8. At all times material hereto, defendants, through their agents and employees, acted as operators and owners of the said vessel and handled all crew matters including all matters relating to the daily operation of the vessel and the employment, supervision and management of the employees.

9. At all times material hereto, plaintiff was in the employment of the defendants as a member of the crew of the said vessel at the rate of pay and for the terms as set forth in his contract of employment and/or the applicable collective bargaining agreement.

10. On or about July 3, 2003, while M/V Cape Horn was traveling en route to San Francisco, the plaintiff, who was working as an Able-bodied Seaman on the vessel, was caused to sustain serious personal injuries, more fully set forth hereinafter, while performing his usual and ordinary duties.

11. Specifically, plaintiff was seriously injured when, while the vessel was at sea, he fell ill and experienced pain requiring immediate and competent medical attention. He complained to the Medical Officer on board but was not provided adequate medical care. Despite the fact that the Medical Officer and crew were aware of claimant's increasingly more serious but undiagnosed illness, the voyage continued past Hawaii and on to San Francisco. During this period, plaintiff lapsed into unconsciousness as a result of his increasingly more serious untreated illness. As the vessel approached San Francisco, plaintiff was rushed to Stanford University and Clinic where he remained in a coma for forty (40) days. Plaintiff was subsequently diagnosed as suffering from a diabetic coma, a condition which could and should have been diagnosed and properly treated. Due to the delay in his treatment and the circulatory crisis caused during the coma, all of plaintiff's toes had to be amputated.

12. Plaintiff's injuries were caused by the negligence of the defendant, United States of America, by their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by said defendant's breach of their obligation under the circumstances, including their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

13. Plaintiff's injuries were further caused by the gross negligence and willful and wanton misconduct of the defendant, Marine Transport Inc., by their agents, servants, workmen and employees, by the unseaworthiness of the vessel, and by said defendant's breach of their obligation under the circumstances, including their obligation to provide prompt and adequate medical care, treatment, maintenance and cure. In particular, plaintiff claims punitive damages from defendant, Marine Transport Inc., arising out of their gross, willful and wanton failure to properly handle and administer the medical emergency he suffered, said claim being one for which there is no remedy against defendant, United States of America.

14. More specifically defendants:

(a) negligently failed to provide prompt medical care/cure in the face of an emergency medical condition;

(b) failed to divert the ship to the nearest port and provide immediate medical treatment and care to plaintiff;

(c) failed to provide competent and adequate personnel to aid and implement proper medical care and treatment to plaintiff;

(d) have a duty to provide maintenance, cure and found benefits from the date he was rendered unfit for duty or maximum medical improvement is achieved.

15. Solely by the reason of the negligence of the defendants, and the unseaworthiness of the said vessel, plaintiff sustained serious physical injuries including, but not limited to suffering a diabetic coma and amputation of his toes; he sustained psychological and psychiatric damage, the full extent of which has not yet been determined; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future require medicines, medical care and treatment; he has in the past been and may in the future be compelled to expend monies and incur obligations for such care and treatment; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been and may in the future continue to be disabled from performing his usual duties, occupations and avocations.

WHEREFORE, plaintiff demands judgment against the defendants in a sum in excess of Two Million ($2,000,000.00) Dollars with costs and interest and brings this action to recover same.

## SECOND CAUSE OF ACTION

## IN ADMIRALTY

Plaintiff claims of the defendant maintenance and cure and wages in such amount as may be determined by the Court upon the following cause of action:

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint, with the same force and effect as if fully set forth and repeated herein.

17. Pursuant to the General Maritime Law of the United States, the defendants have the absolute non-delegable duty to provide the plaintiff, by virtue of his service upon the defendants' vessel M/V Cape Horn, maintenance, cure and found benefits from the date he was rendered unfit for duty or until maximum medical improvement is achieved.

18. As a result of the aforesaid incident aboard the M/V Cape Horn on or about July 3, 2003, the plaintiff was rendered unfit for duty and presently remains unfit for and incapable of returning to duty as a seaman.

19. Accordingly, plaintiff claims past and future maintenance, cure and found benefits for the period of his disability in an amount which this Honorable Court shall deem just and proper upon the trial of this cause, subject to a credit for any previous payments.

20. All and singular, the premises contained herein are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants for such maintenance, cure, wages and found as the Court may determine to be due and owing upon the trial of this cause, and for such interest and costs as the Court may deem just and proper.

WALTER Z. STEINMAN, ESQUIRE
Attorney for PLAINTIFF
Identification No. STEIW-4005
400 Greenwood Avenue
Wyncote, PA 19095-1825
(215) 517-7500

Dated: 5-17-05

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-1926

SECT. K MAG. 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
EDMUNDO R. STIWARD

**DEFENDANTS**
UNITED STATES OF AMERICA AND MARINE TRANSPORT LINES, INC.

**(b)** County of Residence of First Listed Plaintiff: ORLEANS PARISH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Walter Z. Steinman, 400 Greenwood Ave, Wyncote, PA 19095
215-517-7500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: 46 USC § 688

Brief description of cause: Seaman Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of $2,000,000.

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 5-17-05

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____