

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMUNDO R. STIWARD** | CIVIL ACTION |
| **VERSUS** | NO. 05-1926 |
| **UNITED STATES OF AMERICA and MARINE TRANSPORT LINES, INC.** | SECTION "K" (2) |

## ORDER

Before the Court is a Motion to Dismiss Plaintiff's Claims against Marine Transport Lines, Inc. (Rec. Doc. 3) filed by the United States. Having reviewed the pleadings, memoranda, and relevant law, the Court finds merit in the motion for the following reasons:

I.   BACKGROUND

Plaintiff sues defendants Marine Transport Lines ("MTL") and the United States in admiralty for injuries suffered by plaintiff in July 2003 while serving aboard the United States Public Vessel CAPE HORN. Plaintiff claims that defendants' failure to provide him with prompt and adequate medical care when he became ill at sea caused him to suffer severe medical consequences. As a result he now seeks relief for his injuries under general maritime law, as specifically modified by the Jones Act, 46 U.S.C. §688 *et seq*, the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§741-752, and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781-90. Importantly, in his Complaint, plaintiff

___ Fee_____
___ Process_____
X Dktd_____
✓ CtRmDep_____
___ Doc. No._____

makes claims against MTL for punitive damages arising out of MTL's "gross, willful and wanton failure to properly handle and administer the medical emergency he suffered." (See Rec. Doc. 1, Compl. at 13). The United States now moves to dismiss MTL, arguing that since the CAPE HORN is owned by the United States and thus qualifies as a public vessel, MTL is not a proper party to this action. According to the United States, plaintiff's suit against MTL is barred by the PVA, 46 U.S.C. §§ 781-90, and the SAA, 46 U.S.C. §§741-752.

Plaintiff was employed as an able bodied seaman aboard the vessel CAPE HORN from May 10, 2003 until July, 2003. On or about July 3, 2003, plaintiff, apparently suffering from diabetic complications, became seriously ill while the vessel was en route to San Francisco. Plaintiff lapsed into a diabetic coma. He was subsequently airlifted back to the mainland for treatment where he had to have all of his toes amputated.

It is undisputed that plaintiff was a seaman on a vessel owed by the Unites States. Defendant MTL was responsible for operating the CAPE HORN on behalf of the United States Maritime Administration ("MARAD") during the period in question. As such, MTL qualifies as the United States' agent for purposes of this litigation. Under 46 U.S.C. § 745, known as the SAA's "exclusivity provision," plaintiff may bring his claims for negligence, breach of warranty, and for maintenance and cure *only* against the United States and *not* against its agent, MTL. See *Abogado v. International Marine Carriers*, 890 F.Supp 626, 629 (S.D. Tex.1995).[1] Additionally, under the general maritime law punitive damages are also unavailable in cases of willful nonpayment of maintenance and cure to a Jones Act seaman. See *Guevara v. Maritime Overseas Corporation*, 59 F.3d 1496, 1513; *Rutherford v. Mallard Bay Drilling, L.L.C.*, 2000 WL 805230 (E.D.La. Jun. 21,

---

[1] Plaintiff's Response (Rec. Doc. 4) essentially concedes this point.

2000)(Vance, J.). Thus to the extent plaintiff has brought any claims, punitive or otherwise, against MTL for negligence, breach of warranty of seaworthiness, or failure to pay maintenance and cure under the general maritime law, the United States' Motion to Dismiss these claims against MTL is **GRANTED** and these specific claims are hereby **DISMISSED WITH PREJUDICE** against plaintiff.

Difficulty remains regarding plaintiff's remaining claim of punitive damages and attorney's fees against MTL for what is alleged to be MTL's "gross, willful and wanton failure to properly handle and administer" plaintiff's medical emergency. As the Fifth Circuit in *Guevara* explained, if a factual situation is covered by a federal statute, and the statute defines and limits recovery of damages, then the statute also delimits recovery of damages under general maritime law. *See Guevara*, 59 F.3d at 1512; *Mancuso v. D.R.D. Towing Company, L.L.C. et al*, 2005 WL 2036801 (E.D.La. Jul. 21, 2005)(Vance, J.). In addition to the Jones Act (where, as stated above, punitive damages are unavailable), this case is *also* governed by another federal statute, the SAA. The parties are in dispute as to whether the text of the SAA clearly defines available remedies, including the availability of attorney's fees, and correspondingly, whether the SAA delimits recovery of damages under general maritime law. Further discussion is necessary to resolve the issue.

## II.   LAW & ANALYSIS

### A. Standard for Summary Judgment

A motion to dismiss an action for failure to state a claim "'admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.'" *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995)(quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir.1996)). "[F]or purposes of the motion to dismiss, (1) the complaint is construed in the light most favorable to the

plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleadings are drawn in favor of the pleader." Wright & Miller, *Federal Practice & Procedure* § 1357, at 417 (2004 West). "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2L.Ed.2d 80 (1957)). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Id.*; *see also Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045 (5th Cir. 1982). That being said, it is well established that courts do not have to accept every allegation in the complaint as true in considering its sufficiency. Wright & Miller, *Federal Practice & Procedure* § 1357, at 548-549; *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)(conclusory allegations and unwarranted deductions of fact are not admitted as true); *see also Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994)(accepting as true, for the purposes of a Rule 12(b)(6) dismissal, well-pleaded factual allegations, but rejecting "conclusory allegations or unwarranted deductions of fact.").

### B. Availability of Punitive Damages and Attorney's Fees Under 46 U.S.C. §745

The SAA, 46 U.S.C. §§ 741-752, and the PVA, 46 U.S.C. §§ 781-790, permit admiralty suits to be brought against the United States for causes of action arising out of the operation of vessels owned by or operated for the United States. Each act operates as a waiver of the sovereign immunity of the United States in admiralty cases, essentially providing a "jurisdictional hook" upon which to hang a traditional admiralty claim. *Williams v. Central Gulf Lines*, 874 F.2d 1058, 1059 (5th Cir.

1989). Section 745 of the SAA, known as the "exclusivity clause," specifically states that "where a remedy is provided by the [SAA] it shall hereafter be *exclusive* of any other action by reason of the same subject matter against the agent or employee of the United States . . . whose act or omission gave rise to the claim." 46 U.S.C. §745 (emphasis added). Consequently, recovery against an agent of the United States operating a government-owned vessel is precluded on any claim for which either the SAA or the PVA provides a remedy.[2]

At issue in the instant case is whether plaintiff, despite the exclusivity provision, can sue MTL in its capacity as a private operator for punitive damages and attorney's fees arising from MTL's alleged "gross, willful and wanton failure to properly handle and administer" plaintiff's medical emergency. Specifically as to attorney's fees, *Guevara* held that attorney's fees in maintenance and cure cases were still permitted "as long as the proper showing of egregious fault is made," *Guevara*, 59 F.3d at 1513 (citing *Morales* 829 F.2d 1355 1358); *see also Glynn v. Roy Al Boat Management Corp.*, 57 F.3d 1495, 1505 (9th Cir. 1995). Such fees are to be considered not as punitive in the tort sense but rather as bad-faith fee shifting which punishes abuse of the litigation process. *Id.* at 359 nn. 11 and 13; *see also In re: Diamond B Marine Services, Inc.*, 2000 WL 222847 *1, *2 n.5 (E.D. La. Feb. 23, 2000)(Schwartz, J.).

Relying on the SAA exclusivity provision, the United States argues that under the terms of §785, plaintiff's remedies for *any* claims arising out of plaintiff's on-board medical emergency lie *solely* against the government. Punitive damages are unavailable in actions against the United States

---

[2] Remedies provided by the PVA are also subject to the SAA's exclusivity clause. See 46 U.S.C. §782.

absent specific statutory authorization,[3] which neither the SAA or nor the PVA contains. Thus, if correct, the government's argument effectively forecloses any prospect of punitive damages recovery by plaintiff.

Relying on *Abogado v. International Marine Carriers*, 890 F.Supp. 626, 629 (S.D. Tex.1995), plaintiff counters that his claim of punitive damages against MTL should be allowed as separate and independent from his claims against the United States, and as such, it should not be barred by the SAA exclusivity clause. Plaintiff argues that §745 should be interpreted to prohibit suit against government agents only where the SAA specifically provides a remedy. Plaintiff argues that punitive damages operate as their own discrete remedy in that they must be separately pled and operate independently of all other claims. Because the remedy of punitive damages against the United States is unprovided for under the SAA, plaintiff should not be precluded from bringing these claims entirely; instead plaintiff should be able to bring any punitive damages claims arising from MTL's independent conduct against MTL directly. Plaintiff also argues that if MTL is dismissed from the action his claim for attorney's fees will also be foreclosed as counsel fees also may not be awarded against the United States in absence of specific statutory authority. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 267-68 (1975).

A limited number of courts have considered whether the SAA precludes bringing punitive damages claims against an agent of the United States. In *Shields v. United States*, 662 F.Supp.187 (M.D. Fla. 1987), the court allowed a maintenance and cure action against a vessel operator, reasoning that the plaintiff's claim against the defendant-agent for the arbitrary and willful conduct of its

---

[3]*See California v. Department of the Navy*, 431 F.Supp. 1271, 1293 (N.D.Cal. 1977), aff'd 624 F.2d 885 (9th Cir. 1980) quoting *Missouri Pacific R. R. Co. v. Ault*, 256 U.S. 554, 564 (1921) ("It is well established that in the absence of specific statutory provision for penalties the federal government may not be held liable for damages 'which do not merely compensate but punish.'").

insurance department in handling benefits claims was "an entirely different subject matter" from the negligence claim against the United States. *Id.* at 192. This approach was followed in *Abogado*, 890 F.Supp. 626, and *Henderson v. International Marine Carriers*, 1990 A.M.C. 400 (E.D. La. 1989), aff'd without opinion, 921 F.2d 275 (5th Cir.1990). In *Abogado* the plaintiff made no punitive damages claims regarding "any action that occurred in the operation of the vessel." *Abogado*, 890 F.Supp at 632. Instead, plaintiff claimed that the defendant-agent IMC's administrative employees, namely those engaged in administering insurance benefits, willfully withheld maintenance and cure benefits from him. *Id.* The court allowed these claims, reasoning that "such office-based, administrative action on IMC's part [could not] realistically be said to be part of 'the possession or operation of merchant vessels,'" and thus the claims were not covered by §745. *Id.* Similarly, in *Henderson v. International Marine Carriers*, 1990 A.M.C. 400 (E.D. La. Sept.12,1989)(Feldman, J.), aff'd without opinion, 921 F.2d 275 (1990), the court found that the defendant-agent IMC remained responsible to the plaintiff for his claims of a willful and arbitrary failure to pay maintenance and cure because it was IMC's employees and not the United States, who stopped disbursing payments to the plaintiff. Id. at 402 ("Plaintiff's claim for willful and arbitrary failure to pay maintenance and cure must focus against the one who stopped the payments.").

However both the Third, Fourth and the Eleventh Circuits questioned, and ultimately rejected, the *Shields* approach. In *Manuel v. United States*, 50 F.3d 1253 (4th Cir. 1995) the Fourth Circuit, found that the "subject matter" under the SAA of a claim for willful failure to pay maintenance and cure was the seaman's entitlement to maintenance and cure resulting from his injury while employed aboard the ship. *Id.* at 1259. The Fourth Circuit went on to hold that "[a]lthough the claim against the operator highlights the wrongful conduct of the operator's administrative employees, the action

nonetheless arises from the seaman's entitlement to maintenance and cure resulting from his injury *while employed aboard the ship*," and as such, any claims must be brought solely against the United States. *Id.* (emphasis added). The Third Circuit adopted the *Manuel* court's conclusions, holding in *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82 (3d Cir.1996), that "the reasoning of . . . *Manuel* is persuasive, and we have no reluctance in following that rationale . . .[w]e agree that an action for arbitrary denial of maintenance and cure benefits when due arises 'by reason of the same subject matter' as the available claim against the United States for maintenance and cure. *Id.* at 86-7. Similarly, in *Kasprik v. United States,* 87 F.3d 462 (1996), the Eleventh Circuit concluded that "any claim for failure to pay maintenance and cure, even one alleging the arbitrary and willful denial of such, is 'by reason of the same subject matter' as the seaman's entitlement to maintenance and cure resulting from his injury" and thus, per the exclusivity clause, could not be maintained against an agent of the United States. *Id.* at 466; *see also Farnsworth v. Sea-land Service, Inc.* 1989 WL 20544 (E.D.La. Mar.7, 1989)(Duplantier, J.), aff'd without opinion, 896 F.2d 552 (5th Cir. 1990).

Plaintiff's sole allegation against MTL is for their "gross, willful and wanton failure to properly handle and administer" plaintiff's medical emergency while he was on board the CAPE HORN. The Court finds no legitimate difference between a claim for the failure to properly handle or administer plaintiff's on-board medical emergency and a claim for a failure to provide adequate medical treatment. Unlike *Shields,* plaintiff has failed to plead that any of the conduct by MTL giving rise to his punitive damages claim occurred anywhere but on the ship[4] or that MTL's conduct

---

[4] See *Shields*, 662 F.Supp. at 190 ("In the present case the plaintiff seeks recovery from Sea-Land not for the wrongful acts of its master or crew in the management of a United States vessel, but for the arbitrary and willful conduct of its insurance department.").

has anything to do with discontinuing payments, as in *Henderson*.[5] Simply put, MTL's conduct in handling plaintiff's medical predicament occurred while both plaintiff and MTL were at sea, and MTL was acting in its capacity as an agent of the United States. Consequently, the Court finds that plaintiff's punitive damages claim against MTL is necessarily covered by § 745 of the SAA because it arises "by reason of the same subject matter" as his claims against the United States. Albeit fully aware that such a position essentially closes the door on any potential punitive damages recovery by the plaintiff, based on the instant facts the Court remains comfortable following the lead of the Third, Fourth and Eleventh Circuits in holding that the phrase "by reason of the same subject matter" found in § 745 of the SAA governs all claims in this case. As the SAA provides no basis for punitive damages these claims must be dismissed. Moreover since plaintiff has no claim for punitive damages under the general maritime law, his argument presumes his rights have been expanded by the SAA. The Court is of the opinion that this Act simply waives sovereign immunity and is not an expansion of a seaman's monetary remedies.

As to attorney's fees, plaintiff is correct to raise concerns about their viability if MTL is dismissed from this case. Attorney's fees may be available where a shipowner's failure to provide maintenance and cure is shown to be arbitrary, recalcitrant or unreasonable, *Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir. 1984); however attorney's fees are not allowed against the United States without express statutory authorization. *Alyeska Pipeline Service, Co.* 421 U.S. at 267-68. The SAA provides no such express authorization. Consequently, although the Court recognizes the resulting discrepancy between the remedies seemingly available to privately employed injured

---

[5] See *Henderson*, 1990 A.M.C. at 402 ("IMC has submitted to this Court records of the maintenance and cure payments that its employees, not U.S. employees, disbursed to plaintiff . . .and then discontinued.").

seaman and those employed on government vessels, the Court is not free to correct this discrepancy by allowing plaintiff to maintain his claims for attorney's fees against MTL instead. *See Francis v. Maersk Line, Ltd.,* 2005 WL 2254070 *1, *3 (W.D.Wash., Sep 16, 2005)(citing *Stone v. Int'l Marine Carriers, Inc.,* 918 P.2d 551, 556 (Alaska 1996)). The Court finds that the SAA already provides a remedy for compensatory damages suffered as a result of a willful failure to pay maintenance and cure. The simple fact that the remedy contemplated by the SAA does not encompass attorney's fees does not make the SAA remedy any less exclusive under the terms of §745. As such plaintiff is precluded from seeking attorney's fees from MTL in this matter.

Thus, for reasons stated above,

**IT IS ORDERED** that the United States' Motion to Dismiss Plaintiff's Claims Against Marine Transport Lines, Inc. (Rec. Doc. 3) is hereby **GRANTED**. Plaintiff's "independent" punitive damages claims against MTL are hereby **DISMISSED WITH PREJUDICE**.

Houma, Louisiana, this 11th day of October, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE