UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDMUNDO R. STIWARD                                               CIVIL ACTION

VERSUS                                                           NO. 05-1926

UNITED STATES OF AMERICA                                         SECTION "K" (2)

## ORDER ON MOTION

Plaintiff, Edmundo R. Stiward, was an able-bodied seaman working aboard a vessel owned by defendant, the United States, and operated on its behalf by Marine Transport Lines. He brought this Jones Act personal injury action, alleging that defendant failed to provide him with adequate medical care when he became seriously ill while at sea from June 30 through July 8, 2003.

Stiward filed a Motion to Compel Answers to Interrogatories and Production of Documents from the United States. Record Doc. No. 27. Specifically, plaintiff seeks to compel defendant to provide more complete answers to his Interrogatories Nos. 6, 14, 16, 17, 18, 25, 26 and 27 and Requests for Production Nos. 1, 13 and 17.[1] The United States filed a timely opposition memorandum. Record Doc. No. 29. The motion is GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART, as follows.

---

[1] Plaintiff's motion states that Request for Production Nos. 1, 17 and 18 are at issue. However, plaintiff's memorandum in support does not discuss Request for Production No. 18 at all, while it does argue for relief concerning Request for Production No. 13.

Stiward argues that the United States waived all objections by failing to provide its responses to the discovery requests within 30 days of service. However, the United States has provided the court with a copy of an e-mail from plaintiff's counsel, consenting to an extension of time to respond until May 9, 2007. Defendant's Exh. 1. Defendant's responses were timely served on May 7, 2007. Under these circumstances, the United States did not waive its objections.

Interrogatory No. 6 seeks the name, address, telephone number and employer of all persons who were on the vessel with Stiward during his illness. Request for Production No. 17 seeks the personnel records of the Third Mate and Medical Officer, Eric Bailey; the Chief Mate, Hugh Bagby; and Captain Richard Alcott. In response to both of these discovery requests, the United States objected that the Privacy Act, 5 U.S.C. § 552a, prohibits it from providing anything other than names and job titles.

The Privacy Act provides that a government agency may not disclose certain records, including personnel files of its employees, subject to eleven exceptions. Exception (11) is relevant here:

> (b) No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be-- . . .
> (11) pursuant to the order of a court of competent jurisdiction; . . . .

5 U.S.C. § 552a(b)(11).  Thus, the Privacy Act "expressly authorizes disclosure of information 'pursuant to the order of a court of competent jurisdiction.'"  Gilbreath v. Guadalupe Hosp. Found. Inc., 5 F.3d 785, 791 (5th Cir. 1993) (quoting 5 U.S.C. § 552a(b)(11)).  This is such a court.

The majority of courts that have addressed Exception (11) have held that the Privacy Act does not create any privilege against discovery and that, in the absence of express standards in the Act, the relevancy standard of Fed. R. Civ. P. 26(b) governs the court's discretion in ordering disclosure of government records.  Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir. 1987); Rogers v. England, No. 00-2452, 2007 WL 809793, at *3 n.6 (D.D.C. Mar. 15, 2007); Hassan v. United States, No. C05-1066C, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006); Ezell v. Potter, No. 2:01 CV 637, 2006 WL 1094558, at *2 (N.D. Ind. Mar. 16, 2006); Broderick v. Shad, 117 F.R.D. 306, 312 (D.D.C. 1987).  In Broderick, the Court applied Exception (11) of the Privacy Act and Rule 26 to order the production of government personnel records because they were relevant to plaintiff's claim of gender discrimination in promotions.  Id.

Therefore, defendant's Privacy Act objections to Interrogatory No. 6 and Request for Production No. 17 are overruled.  Nonetheless, plaintiff's motion to compel is DEFERRED as to the personnel files sought by Request for Production No. 17.  While these files may be relevant to plaintiff's claims in this case in that they may lead to the

discovery of admissible evidence concerning the ship's officers' qualifications and actions with respect to Stiward's illness, the officers are <u>not</u> parties to this lawsuit. Discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved. Balancing the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties can best be accomplished by in camera review of the requested files. <u>Atkinson v. Denton Publ'g Co.</u>, 84 F.3d 144, 148 (5th Cir. 1996). By reviewing these records in camera I can also make an informed ruling as to their relevance. Accordingly, **IT IS ORDERED** that defendants must produce the subject personnel files to me for in camera review no later than **August 31, 2007**. Thereafter, this part of the motion will be decided on the record without oral argument.

As to Interrogatory No. 6, in addition to overruling defendant's Privacy Act objection, the court also overrules defendant's attorney work product objection. The names, addresses, telephone numbers and employers of potential witnesses sought by this interrogatory cannot be attorney work product because this is purely factual information. The work product doctrine provides protection only for documents and tangible things and for the intangible mental impressions, conclusions, opinions or legal theories of counsel, not for <u>facts</u> that a party may have learned, even if they were learned from work product documents that are not themselves discoverable. <u>Blockbuster Entertainment v.</u>

4

McComb Video, 145 F.R.D. 402, 403-04 (M.D. La. 1992); 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024, at 337-38 (2d ed. 1994) (citing Fed. R. Civ. 26(b)(3); Hickman v. Taylor, 329 U.S. 495 (1947)).

 The United States has already provided the names and job titles of the crew members. Plaintiff's motion to compel defendant to produce the requested addresses, telephone numbers and employers is granted. The court sustains defendant's objection that the remainder of Interrogatory No. 6, seeking each person's "location and reason for being on the vessel at the time of the incident," is vague and ambiguous. Stiward did not experience an isolated accident but suffered from an illness for several days. The United States has already provided each crew member's job title. Defendant need not respond to this portion of the interrogatory.

 Interrogatory No. 14 seeks the names, addresses and telephone numbers of any persons who have been contacted by defendant regarding plaintiff's illness, asks whether any interviews have been conducted or statements have been taken, and seeks details about when and by whom any statements were taken. Defendant's vagueness objection about the location of any witness "at the time of the accident" is again sustained. However, defendant's attorney-client privilege and attorney work product doctrine objections are overruled.

It is axiomatic that the attorney-client privilege "only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts." United States v. Edwards, 39 F. Supp. 2d 716, 723 (M.D. La. 1999) (Polozola, C.J.) (citing Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981); In re Six Grand Jury Witnesses, 979 F.2d 939 (2d Cir. 1992); United States v. Freeman, 619 F.2d 1112 (5th Cir. 1980); Computer Network Corp. v. Spohler, 95 F.R.D. 500 (D.D.C. 1982)) (emphasis added). "'Pre-existing facts that underlie the client's confidential communications, whether oral or written, are not privileged simply because the client disclosed them to an attorney for the purpose of obtaining legal services.'" Id. at 736 (quoting Weinstein's Federal Evidence, § 503.14[4][a] (2d ed. 1998), citing Upjohn, 449 U.S. at 395).

Similarly, as stated above, the work product doctrine does not protect against discovery of facts known to a party, regardless of their source. Furthermore, Fed. R. Civ. P. 26(b)(3) does not provide absolute protection against the discovery of work product. Such materials may be discoverable if, after the responding party meets its burden to prove that they are work product (which the United States has not even begun to do here), the discovering party can make the showing of substantial need and undue hardship set forth in Rule 26(b)(3).

Thus, the names, addresses and telephone numbers of potential witnesses and information about the existence of interviews or statements are neither privileged attorney-client communications nor protected work product. When the United States objected to Interrogatory No. 14 based on these doctrines, it should have provided much of this information to Stiward already in a privilege log, as required by Fed. R. Civ. P. 26(b)(5), but it has not done so. See Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *3 (E.D. La. Aug. 11, 2000) (motion to compel answer to interrogatory seeking identities of persons from whom defendant took statements was moot because defendant revealed that information in its privilege log, but defendant must supplement its answer to provide that information if it takes any more statements).

In addition, defendant's answer to Interrogatory No. 14 that "[a]ll non-privileged communications have been previously disclosed" is insufficient. Fed. R. Civ. P. 33 requires that "[e]ach interrogatory shall be answered separately and fully in writing under oath," so that the responding party is bound by its answer and the answer can be introduced into evidence. It appears from the copies of defendant's Answers to Interrogatories provided to me that the answers are not verified by the person making them, as required by Fed. R. Civ. P. 33(b)(1) and (2). Accordingly, plaintiff's motion is granted and the United States must provide a supplemental answer to all of Interrogatory

No. 14, except the location of these persons, without objection that fully complies with Rule 33.

Plaintiff's motion is granted as to Interrogatories Nos. 16, 17, and 18. Defendant's responses, which refer to the depositions of Bailey and Bagby and state that Capt. Alcott may have information, do not satisfy Rule 33. If the answer is that the United States does not know the requested information, it should say so. If, however, it has responsive information, it must provide it in verified supplemental answers.

As to Interrogatory No. 25, defendant's objection is sustained and plaintiff's motion is denied. The interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant's answer to Interrogatory No. 1 reveals that 25 crew members were on board the vessel. It would be unduly burdensome to require the United States to investigate whether each of them, including a cook or an oiler, for example, had any "medical background, experience and/or training." Stiward already knows the identities of the officers who treated him and/or were ultimately responsible for his care on the vessel.

Defendant's objections are sustained and plaintiff's motion is denied as to Interrogatories Nos. 26 and 27. Plaintiff did not obtain leave of court or a written agreement from defendant to propound interrogatories in excess of the 25 allowed by Fed. R. Civ. P. 33(a). Local Rule 33.1E.

Although Request for Production No. 1 is somewhat vague, it is not confusing, overly broad or burdensome. Defendant's objections are overruled and plaintiff's motion is granted. The United States must produce any reports or correspondence that it sent to or received from the United States Coast Guard concerning plaintiff's illness, medical treatment and evacuation from the ship.

Plaintiff's motion is denied as to Request for Production No. 13. Defendant's response is sufficient, subject to the obligation imposed by Fed. R. Civ. P. 26(e)(2).

Accordingly, the United States is **HEREBY ORDERED** to respond to plaintiff's discovery requests as ordered above fully and in writing and without objection, with the required verification of its original and supplemental answers to interrogatories, in accordance with Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to plaintiff's counsel, within ten (10) days of entry of this order.

New Orleans, Louisiana, this __24th__ day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE